**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE VARGISON, individually and on behalf of themselves and all others similarly situated; RACHAEL FORBIS; ALICIA WRIGHT; SAMANTHA SIMMONS; LAUREN LOPRETE; NICOLE SURAWSKI; MEGAN DODD; ELISE ANGELICH; STEPHANIE GROSS; HEATHER FRAZIER; MALLORY SUHLING; SHANNON WEISMAN; DAWNY CHIN; KARA BARE; KRISTIANA WRIGHT; CAITLIN OROZCO; CECILLE NGUYEN; MARIANA CASILLAS; PAIGE MARLOWE; ROBYN KHANJIAN; ROBERT HOUSEY-GANTT; RACHEL RAMIREZ; JENNIFER BRAVO; MARGARET GROH; DONITA HAMMOND-GRANT; PAIGE BRIDGES; BRIDGET FROELICH; REMA SAYGE; MICHELE LEPPERT; RUBY RORTY; THERESE CAPRIGLIONE; LISA FARTHING; NEICA MURRAY; LAUREN TROTTER; CHRISTINA BRANKAMP; SHANA FIX; LAKEISHA WHIPE; KIMBERLY DEMKOVICH; CHARISSE WHEBY; RACHEL LAYMAN; DESTINY SMITH; TARA GROHOWSKI; MAURA MURPHY; STACEY PINO; JASMIN KASET; CAYLEE GRIFFIS; SAMANTHA | No. 25-2452 <br><br> D.C. No. 2:24-cv-00342-TL <br><br> MEMORANDUM* |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

KOTCHER; LISA RIVERA; AUDRA HARRIS; NELLIE FEATHERSTONE; MEREDITH BACHRACH; BROOKE YOUNG; TRACY LAMAR; VALE RAE DAHL; WILFRED KNAPP; GAIL YEH; HEATHER JONES; MAURA MCCARTAN; DALIT COHEN; DOROTHY MULDOON; HALEY DRESSER; CHERYL SIMONTON; BRANDI NICHOLS; RABIA SHEIKH; TANIA HINTON; EMMAROSE MCCOIG; JADA JEFFERSON; JOELLA ENRIQUEZ; DAWN MARTIN; AUTUMN HOOD; JESSICA BARNETT; CRYSTAL AKEMON; SAVANNAH JENKINS; VICKIE TAYLOR; KIMBERLY LATHAN; SORAYA HEYDARI; KIRSTEN ANDELMAN; KELLY PETTUS; TIFFANY BAKER; LYNETTE BELL; MARY KEUM; CRYSTAL KIRBY; ANGELA BARAK; TAYLOR LENANE; ABBYGAIL PARKER; NARJES DERIS; MARCY LUIZ; AUTUMN SHARP; ROZ SAEDI; REBECCA CHESSHIR; ALEXANDRA NICHOLAS-DANCY; CHRISTINE KNIGHT; MARISSA ANGELICH; HUMAIRA IFFATH; APRIL FRIGA; CHARLOTTE CAMPBELL; CHRISTINA GRISWOLD; KATHERINE SORENSEN; GLORIA YOUSIF; AUTUMN MCKAY; LINDA WATANABE; GRACE TOY; SHEZA ADMANI; CATHERINE PASTERNACK; ESPERANZA DE LARA,

Plaintiffs - Appellees,

v.

PAULA'S CHOICE, LLC,

2                                                       25-2452

                    Defendant - Appellant,

and

SEPHORA USA, INC., THG BEAUTY
USA, LLC,

                    Defendants.

Appeal from the United States District Court
for the Western District of Washington
Tana Lin, District Judge, Presiding

Argued and Submitted February 9, 2026
Seattle, Washington

Before: McKEOWN, PAEZ, and BUMATAY, Circuit Judges.

Defendant Paula's Choice appeals the denial of a motion to compel arbitration as to Plaintiff Samantha Simmons, one of many named plaintiffs in this putative class action. We have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(C). We vacate and remand.

Under Federal Rule of Civil Procedure 23(d), a district court may decline to enforce an arbitration agreement when a party engages in behavior that is misleading or threatens the fairness of the litigation. *Avery v. TEKsystems, Inc.*, No. 24-5810, 2026 WL 218992, at *9 (9th Cir. Jan 28, 2025). A district court relying on Rule 23(d) must make "specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*,

452 U.S. 89, 101 (1981); *see also Domingo v. New England Fish Co.*, 727 F.2d 1429, 1439–40 (9th Cir. 1984). We review a district court's invocation of Rule 23(d) for an abuse of discretion. *Avery*, 2026 WL 218992, at *9.

We first reject Simmons's argument that Paula's Choice waived its Rule 23(d)-related arguments. Waiver "does not apply where the district court . . . addressed the merits of [an] issue not explicitly raised by the part[ies]." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 n.8 (9th Cir. 2010) (simplified). Here, the district court invalidated the arbitration clause based on Rule 23(d) even though Simmons did not explicitly raise that rule in her briefing below. Paula's Choice did not waive arguments about the proper scope of Rule 23(d) on appeal.

On the merits, the district court abused its discretion when it invalidated the arbitration clause without any specific findings that Paula's Choice engaged in misleading or unfair litigation conduct. A district court may not "routinely" enter Rule 23(d) orders, but may only do so to deal with case-specific threats to the fairness of litigation. *Domingo*, 727 F.2d at 1439. Here, Simmons never alleged, nor did the district court ever find, any facts that suggest Paula's Choice's arbitration clause or its other communications were misleading, *Avery*, 2026 WL 218992, at *9, or that Paula's Choice was coercive in its dealings with Simmons, *Dominguez v. Better Mortg. Corp.*, 88 F.4th 782, 790–93 (9th Cir. 2023).

We thus vacate the denial of the motion to compel arbitration based on Rule

23(d). We remand for further proceedings to determine whether Simmons must arbitrate her claims or whether other grounds exist not to enforce the arbitration clause.

**VACATED and REMANDED**